**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3014-23

ABC BAIL BONDS, INC.,

    Plaintiff-Respondent,

v.

PAULA GILBERT,
LATOYA WILLIAMS, and
LAKEYSA GREEN,

    Defendants,

and

HAROLD D. GREEN, JR.,

    Defendant-Appellant.

_____

Submitted October 15, 2025 – Decided November 5, 2025

Before Judges Firko and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. DC-004626-23.

Harold D. Green, Jr., appellant pro se.

Shanna Lyn Spiro (ABC Bail Bonds, Inc.), attorney for respondent.

PER CURIAM

Defendant Harold D. Green, Jr. appeals from the April 22, 2024 trial court's judgment entered in favor of plaintiff ABC Bail Bonds, Inc., following a bench trial. Having reviewed the parties' arguments, record, and applicable law, we affirm.

I.

On October 16, 2023, plaintiff filed a breach of contract complaint against defendant. Plaintiff later moved to amend its complaint, which defendant opposed. The court granted plaintiff's motion to amend and thereafter entered default, which defendant moved to vacate. On April 15, 2024, the court granted defendant's motion, vacating default and setting a trial date.

On April 22, at trial, plaintiff offered the testimony of its representative, Raymond Winegrad. Winegrad testified to facilitating a $300,000 bail bond transaction for the posting of a bail, which had been set for defendant's brother Jonathan Green. For plaintiff to issue the bail bond, Winegrad explained that it charged a purchase fee of $30,000. On December 3, 2017, Winegrad signed a bail bond premium receipt, memorializing that $10,000 was paid and a remaining balance of $20,000 was due for the bond. Winegrad testified that

2

defendant on the same day signed a promissory note, "reflecting the payment plan and the balance due" for the obtained bail bond. Defendant's promissory note also provided that he was responsible for paying the remaining $20,000 balance in monthly installments of $500, starting in January 2018.

Winegrad accounted for plaintiff's receipt of "two payments made of $400" and a payment of "$150." He relayed no other payments were made.

During defendant's testimony, he acknowledged obtaining the bail bond for his brother and executing the promissory note. He did not dispute that the remaining balance under the promissory note was $19,050. He alleged the balance was not owed because the parties entered an oral agreement, modifying the amount owed, after plaintiff posted the bond. Defendant claimed his brother "ended up going into federal custody for the same charge" after plaintiff paid the bail. Defendant alleged that in 2018, he "called [plaintiff]" and spoke with a "guy" but "did[ not] get his name." Defendant asserted the man advised defendant there would "be . . . no charge" if his brother received a federal bail. The man also allegedly promised that if no federal bail was provided to defendant's brother, then plaintiff "made a free $10,000" and would not "charge [him] for this balance." Defendant asserted the oral modification governed.

A-3014-23

On cross-examination, defendant could not recall the name of plaintiff's representative with whom he discussed the oral agreement. Defendant alleged without any explanation that the man no longer worked for plaintiff.

At the conclusion of the trial, the court entered judgment in favor of plaintiff and issued an oral decision. The court found defendant did not contest executing the promissory note and "that the remaining a[mount of] $19,050 was not paid." It found defendant breached the promissory note by "fail[ing] to pay the $19,050" owed under the promissory note after plaintiff posted the bail bond. The court noted "defendant's breach . . . caused a loss" to plaintiff because "[plaintiff] did not get . . . their fee for the issuance of the bail bond." Regarding defendant's oral modification, the court found defendant's testimony lacked credibility because there was only the "gist of a conversation." The court reasoned defendant failed to prove an oral modification because he provided no information regarding: the "exact words" used in reaching an oral agreement; who made the agreement; when it was entered; and any other relevant circumstances. Additionally, defendant did not produce a phone call "log," "bill showing the phone call," or other corroborating evidence.

4

On appeal, defendant contends the court erred in entering the judgment against him because it: failed to consider the oral agreement entered; demonstrated bias, warranting its recusal; and committed procedural violations.

## II.

We begin with the well-established standard of review in an appeal from a bench trial. We "review a 'trial court's determinations, premised on the testimony of witnesses and written evidence at a bench trial, in accordance with a deferential standard.'" Nelson v. Elizabeth Bd. of Educ., 466 N.J. Super. 325, 336 (App. Div. 2021) (quoting D'Agostino v. Maldonado, 216 N.J. 168, 182 (2013)). Ordinarily, "[t]he scope of [our] review of a trial court's fact-finding function is limited." Seidman v. Clifton Sav. Bank, S.L.A., 205 N.J. 150, 169 (2011) (quoting Cesare v. Cesare, 154 N.J. 394, 411 (1998)). "[W]e defer to the trial court's credibility determinations, because it '"hears the case, sees and observes the witnesses, and hears them testify," affording it "a better perspective than a reviewing court in evaluating the veracity of a witness."'" City Council of Orange Twp. v. Edwards, 455 N.J. Super. 261, 272 (App. Div. 2018) (quoting Gnall v. Gnall, 222 N.J. 414, 428 (2015)).

We will "'not disturb the factual findings and legal conclusions of the trial judge' unless convinced that those findings and conclusions were 'so manifestly

unsupported by or inconsistent with the competent, relevant and reasonably credible evidence as to offend the interests of justice.'" Allstate Ins. Co. v. Northfield Med. Ctr., P.C., 228 N.J. 596, 619 (2017) (quoting Griepenburg v. Township of Ocean, 220 N.J. 239, 254 (2015)).

To prevail on a breach of contract claim, a plaintiff must prove by a preponderance of the evidence:

> [F]irst, that "[t]he parties entered into a contract containing certain terms"; second, that "plaintiff[ ] did what the contract required [it] to do"; third, that "defendant[ ] did not do what the contract required [him] to do[,]" defined as a "breach of the contract"; and fourth, that "defendant['s] breach, or failure to do what the contract required, caused a loss to the plaintiff[ ]."
>
> [Globe Motor Co. v. Igdalev, 225 N.J. 469, 482 (2016) (second and seventh alterations in original) (quoting Model Jury Charge (Civil), 4.10A, "The Contract Claim—Generally" (approved May 1998)).]

"The plain language of the contract is the cornerstone of the interpretive inquiry; 'when the intent of the parties is plain and the language is clear and unambiguous, a court must enforce the agreement as written, unless doing so would lead to an absurd result.'" Barila v. Bd. of Educ. of Cliffside Park, 241 N.J. 595, 616 (2020) (quoting Quinn v. Quinn, 225 N.J. 34, 45 (2016)).

6

"'[T]he basic features of a contract' are 'offer, acceptance, consideration, and performance by both parties.'" Goldfarb v. Solimine, 245 N.J. 326, 339 (2021) (quoting Shelton v. Restaurant.com, Inc., 214 N.J. 419, 439 (2013)). "'A contract arises from [an] offer and acceptance, and must be sufficiently definite "that the performance to be rendered by each party can be ascertained with reasonable certainty."'" Id. at 339 (quoting Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992)). When given for consideration, a promissory note is the equivalent of "a contract by the obligor to pay a debt." First Union Nat'l Bank v. Penn Salem Marina, Inc., 383 N.J. Super. 562, 569 (App. Div. 2006) (citation omitted), rev'd on other grounds, 190 N.J. 342 (2007).

After formation, the contracting parties "may, by mutual assent, modify it." County of Morris v. Fauver, 153 N.J. 80, 99 (1998). Generally, modifications to a written contract are not required to be made in writing. A "modification can be proved by an explicit agreement to modify, or . . . by the actions and conduct of the parties, so long as the intention to modify is mutual and clear." Ibid.; DeAngelis v. Rose, 320 N.J. Super. 263, 280 (App. Div. 1999). However, an agreement to modify a contract "must be based upon new or additional consideration." Fauver, 153 N.J. at 100. "The interpretation of a

A-3014-23

contract is generally subject to de novo review." Arbus, Maybruch & Goode, LLC v. Cogen, 475 N.J. Super. 509, 515 (App. Div. 2023).

III.

We first address defendant's contention that the court committed "substantial errors" in entering judgment for plaintiff after the trial. The record amply supports the court's finding that plaintiff proved by a preponderance of the evidence each element of its breach of contract claim. The court specifically reasoned that plaintiff established defendant breached the promissory note entered because: he had agreed to pay $20,000 to obtain the bail bond; plaintiff posted the bond, resulting in defendant's brother's release; and defendant owed plaintiff the $19,050 balance—after $950 had been paid. The court accurately recognized defendant did not dispute signing the promissory note and $19,050 was the amount due. After observing the witnesses and reviewing the evidence, the court determined defendant failed to credibly demonstrate the parties orally modified the promissory note. The court found defendant did not provide sufficient credible details about the alleged oral modification. The court's specific findings contradict defendant's argument that it failed "to consider an oral agreement between the parties" was entered. We discern no error in the court's decision.

We next address defendant's argument that the court displayed "bias," infringed on his rights, and violated procedural rules. After a detailed review of the trial transcript, we are satisfied defendant's assertions are without merit. During the trial, the court fairly and impartially permitted defendant to present his defense. The court demonstrated no bias and ensured defendant's due process rights were afforded. The record reflects that the court provided defendant, who was self-represented, with multiple opportunities to introduce evidence and instructed him on presenting exhibits. Further, it properly provided him with a full opportunity to be heard, inquiring whether defendant wanted to cross-examine plaintiff's witness and had any "last argument" or "[a]nything else to say." Regarding defendant's assertion that the court violated procedural rules preventing his defense, he cites no specific court action taken nor rule violated.

Defendant also contends the court's inquiry regarding defendant's brother's federal incarceration "was antithetical to the principles of justice." The court's inquiry was clearly based on defendant's testimony and was neither inappropriate nor the product of bias. Additionally, we reject defendant's argument in his reply brief that the court's judgment should be reversed because plaintiff committed forum shopping by filing the present complaint in Mercer

County after earlier filed complaints were dismissed in a different county. Defendant has offered no support for this assertion. To the extent not addressed, defendant's remaining contentions lack sufficient merit to warrant discussion in our written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division